UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERRE ROSE VARGAS,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 13-00700-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 24, 2013, Deserre Rose Vargas ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on July 29, 2013. On November 6, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 32-year-old female who applied for Social Security Disability Insurance benefits on November 30, 2009 and Supplemental Security Income benefits on November 10, 2009. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 6, 2006, the alleged onset date of her disability. (AR 13.)

Plaintiff's claims were denied initially on March 24, 2010 and on reconsideration on September 17, 2010. (AR 11.) Plaintiff then sought review and on January 24, 2012, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") William K. Mueller in San Bernardino, California. (AR 11.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 11.) Vocational expert ("VE") Corinne G. Porter also appeared and testified at the hearing. (AR 11.)

The ALJ issued an unfavorable decision on March 22, 2012. (AR 11-18.) The Appeals Council denied review on March 1, 2013. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's treating physicians' opinions.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity

3

("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 6, 2006, the alleged onset date.  (AR 13.)

At step two, the ALJ determined that Plaintiff has the medically determinable severe impairment of affective disorder (20 C.F.R. §§404.1520(c) and 416.920(c)).  (AR 13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 14.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but is limited to simple repetitive tasks.  (AR 14-17.)  In determining this RFC,

the ALJ made an adverse credibility determination (AR 15-16) that Plaintiff does not challenge here.

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a grocery cashier. (AR 17.) At step five, the ALJ alternatively found that considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including hand packager, industrial cleaner and garment sorter. (AR 17-18.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act. (AR 18.)

## DISCUSSION

**I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ improperly rejected the opinions of her treating physicians The Court disagrees. The ALJ properly considered the medical evidence of record and properly rejected the opinions of Plaintiff's treating physicians for specific, legitimate reasons supported by substantial evidence.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**A.    Relevant Federal Law**

In essence, Plaintiff challenges the ALJ's RFC. A RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2)

5

those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

6

**B. Analysis**

Plaintiff Deserre Rose Vargas alleges she is disabled due to mental problems, possibly bipolar and with mood swings. (AR 15.) Based on the evidence, the ALJ determined that Plaintiff has the severe impairment of affective disorder but also found Plaintiff could perform a full range of work at all exertional levels but limited to simple repetitive tasks due to her mental impairment. (AR 14.)

The ALJ also found that Plaintiff has custody of three children ten and younger, has a driver's license, does laundry, goes shopping and is able to manage money. (AR 15.) Accordingly, the ALJ found Plaintiff's subjective symptoms not credible to the extent inconsistent with the above RFC. (AR 15-16.) Plaintiff does not challenge the ALJ's adverse credibility finding.

In determining Plaintiff's RFC, the ALJ gave great weight to the March 1, 2010 opinion of consulting psychiatrist Dr. Ernest Bagner who diagnosed mood disorder not otherwise specified and assessed mild to moderate limitations in functioning. (AR 16, 200-203.) Dr. Bagner noted Plaintiff takes Xanax with some improvement (AR 203) and was not currently seeing a psychiatrist or counselor. (AR 201.) He opined Claimant would have no limitations interacting with supervisors, peers and the public, and in completing simple tasks. (AR 203.) She would have mild limitations in maintaining concentration and attention, and in completing complex tasks. (AR 203.) She would have mild to moderate limitations handling normal stresses at work and completing a normal work week without interruption. (AR 203.) Dr. Bagner further noted Plaintiff was capable of managing her own money. (AR 203.)

The ALJ also gave significant weight to State agency reviewers who found no severe impairments. (AR 16, 204-217.) On March 19, 2010, Dr. N. Haroun observed that Claimant is not currently in treatment, described Dr. Bagner's evaluation as normal and benign and found no evidence of a severe impairment. (AR 214.) In a case analysis that same day, Dr. Haroun observed that there was little evidence to support Plaintiff's allegations. (AR 217.) On September 15, 2010, Dr. V. M. Parnell found that the severity of limitations alleged by Claimant is not in keeping with Dr. Bagner's mental status exam. (AR 233.) Dr. Haroun confirmed his

initial evaluation. (AR 233.) Although the ALJ believes these assessments of the State reviewing physicians are not inconsistent with the objective medical evidence of record, the ALJ gave sufficient weight to Plaintiff's subjective complaints to credit her mental impairment as severe. (AR 16, 13.)

The ALJ gave little weight to the opinion of Plaintiff's treating physician, Dr. David Vargas. (AR 16.) On April 14, 2010, Dr. Vargas opined that Claimant is unable to obtain and maintain an occupation and is disabled. (AR 224.) On December 22, 2010, Dr. Vargas submitted a Medical Opinion Re: Ability To Do Work-Related Activities (Mental) finding that Plaintiff was seriously limited or unable to meet competitive standards in all mental abilities and aptitudes needed to do work. (AR 282-283.) Dr. Vargas wrote Plaintiff sometimes acts unmanageably and is unable to maintain control. (AR 283.) He opined that Plaintiff cannot manage her benefits and would miss work about four days a month. (AR 283.)

The ALJ rejected these opinions because they are not supported by objective evidence and inconsistent with the record as a whole. (AR 16.) Although a treating physician's opinion is generally given greater weight than those of other physicians, 20 C.F.R. § 404.1527(c)(2), an ALJ may reject a treating physician's opinion that is inadequately supported by medical evidence or objective medical findings, or is brief and conclusory. Thomas, 278 F.3d at 957; Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195-1196 (9th Cir. 2004). Here, Dr. Vargas' opinions are brief, conclusory and without any underlying clinical evidence. There are no mental status examinations or psychological testing results. Dr. Vargas is a general practitioner but Dr. Bagner, who is a psychiatrist, reviewed Dr. Vargas' medical notes (AR 200) and after examination assessed only mild limitations. (AR 200, 203.) He obviously did not find any basis for the extreme limitations opined by Dr. Vargas. Dr. Haroun and Dr. Parnell found little evidence to support Plaintiff's allegations. (AR 214, 233.)

The ALJ observed that Dr. Vargas "primarily summarized in the treatment notes the Claimant's subjective complaints, diagnoses, and treatment, but he did not provide objective clinical or diagnostic findings to support the functional assessment." (AR 16.) The ALJ properly may disregard a medical opinion based to a large extent on a claimant's self-reports that have

been discredited, which is the case here. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted properly disregarded); Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded once those complaints have themselves been properly discounted"). Plaintiff does not challenge the ALJ's adverse credibility determination which undermines Dr. Vargas' opinion as it is based on the extensive recounting of Plaintiff's self-reported symptoms.[1]

Plaintiff disagrees with the ALJ's interpretation of the medical evidence of record but the ALJ is the one responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ rejected the work-precluding opinion of Dr. Vargas for specific, legitimate reasons supported by substantial evidence.

---

[1] Plaintiff also argues that another treating physician, Dr. Warris Walayat, gave her a global assessment of functioning ("GAF") score of 50 (AR 295-301) which would support Dr. Vargas' work-precluding opinion. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34, ("DSM IV") (4th Ed. 2000). The Commissioner, however, has declined to endorse the GAF scale. Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010), citing 65 Fed. Reg. 50746, 50764-65 (GAF scores not directly correlative to Social Security severity requirements). A GAF score, moreover, always reflects the worse of symptoms or functional level with the result that it does not reflect the clinician's opinion of functional capacity. Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010). One Circuit, recognizing the limited value of GAF scores, does not even require ALJs to mention them. Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy. Thus, the ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate"). The same is true in this District, at least in one case. Baker v. Astrue, 2009 WL 279085, at *3-*4 (C.D. Cal. 2009) (GAF score may guide the ALJ's determination but the ALJ is not bound to consider it). Here, Dr. Walayat's GAF score could reflect Plaintiff's subjective symptoms which have been discredited. Indeed, Dr. Walayat made findings of coherent speech and thought process, normal thought content and perception, good judgment (AR 288), and not suicidal. (AR 289.) Additionally, Dr. Bagner provided a GAF score of 70 which is consistent with the mild limitations he assessed. (AR 16, 202.) Thus, the ALJ did consider the GAF score of Dr. Bagner whose opinion he credited, and obviously rejected Dr. Walayat's GAF score. An ALJ is not required to discuss every piece of evidence in the record. Howard ex rel Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

1  The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability
2  determination is supported by substantial evidence and free of legal error.

3  **ORDER**

4  IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the
5  Commissioner of Social Security and dismissing this case with prejudice.

7  DATED: December 30, 2013                    */s/ John E. McDermott*
                                                JOHN E. MCDERMOTT
8                                               UNITED STATES MAGISTRATE JUDGE